Filed 7/19/23  P. v. Maddox CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMIE MADDOX,<br><br>Defendant and Appellant. | F085197<br><br>(Super. Ct. No. VCF035205-94)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Jamie Maddox petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal[1] Code, for resentencing of his convictions for first degree special circumstance felony murder (§ 190.2, subd. (a)(17)).  Without appointing counsel as petitioner requested, the superior court denied the petition, in part, because it found petitioner was the actual killer and appeared ineligible for relief under section 1172.6.

On appeal, petitioner contends the trial court prejudicially erred by denying his petition on a merits-basis ground without appointing him counsel, as requested.  We conclude the record of conviction conclusively establishes petitioner's ineligibility for resentencing.  Accordingly, any error in denying the petition before appointing petitioner counsel was not prejudicial.  We therefore affirm.

## FACTUAL BACKGROUND

On February 23, 1995, petitioner was convicted of first degree murder, robbery and burglary.  The jury found true special circumstance allegations that the murder was committed during the course of an attempted robbery and during the course of a burglary pursuant to section 190.2, subdivision (a)(17).  The trial court imposed a sentence of life without the possibility of parole for the first degree special circumstance murder conviction (§ 190.2), plus a concurrent term of 18 months for the attempted robbery conviction (§§ 213, subd. (a)(2), 664, subd. (a)), and a concurrent term of two years for the burglary conviction (§§ 459, 461; see Stats. 1978, ch. 579, § 24, pp. 1985–1986).

These convictions arose out of an attempted robbery and burglary at a convenience store in June 1994 during which the store clerk was shot and killed.  Based on the probation report, which is referred to here solely for the purpose of factual context, there was apparently evidence that another individual had driven with petitioner to the

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

convenience store, they had a gun with them, and petitioner ultimately went into the store with the gun and shot the clerk. Petitioner did not appeal his convictions, and thus no reporter's transcript is available or included in this record on appeal, with the exception of the sentencing hearing. However, the jury's verdict and the jury instructions, both part of the record of conviction, are included in an augmented clerk's transcript. The jury was instructed on, among other things, murder, malice aforethought, degrees of murder, first degree felony murder, direct aiding and abetting, second degree murder, and manslaughter. The jury was also instructed on special circumstance murder committed during the course of an attempted robbery and/or burglary under section 190.2. The jury was not instructed on the natural and probable consequences doctrine.

In October 2022, petitioner filed for relief under section 1172.6 alleging he was convicted of murder under either the natural and probable consequences doctrine or the felony murder doctrine and could no longer be convicted of murder because of the changes to the law effected under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). The petition requested the appointment of counsel. Petitioner also submitted a handwritten letter with his petition that states, "I was convicted of murder, attempted robbery, and burglary, in January of 1995. I was a 20 year old who had never before committed a crime, and [was] addicted to drugs. In the span of no more than two minutes, I decided to rob a convenience store, panicked and shot the clerk and ran out. For this I was sentenced to life without the possibility of parole."

The trial court summarily denied the petition without prejudice because it did not contain the superior court case number related to petitioner's convictions, and the petition was served on the district attorney and the public defender at incorrect addresses. In a handwritten note on the order, the court indicated denial was also based on the fact petitioner was the actual shooter and "does not appear eligible for relief."

Although never formally appointed by the trial court, the public defender's office filed a notice of appeal on petitioner's behalf. Petitioner was appointed counsel on

3.

appeal, and he contends that the order denying the petition must be reversed because the trial court failed to appoint him counsel before denying the petition based, at least in part, on petitioner's ineligibility as a matter of law.

## DISCUSSION

### I. Applicable Law

Petitioner argues the trial court summarily denied his section 1172.6 petition without appointing counsel, and the record lacks any indication of the court's information to support its finding that petitioner appeared ineligible because he was the actual killer. Petitioner's handwritten statement attached to his petition was not part of the record of conviction and should not have been considered by the trial court at the prima facie stage. Moreover, petitioner maintains, nothing in the record of conviction contains any facts that directly refute the allegations in his petition. As such, denying the petition at the prima facie stage without appointing counsel cannot be deemed harmless.

To frame these arguments, a brief summary of the applicable law is helpful.

### A. Senate Bill 1437

"Prior to Senate Bill 1437, the felony-murder and natural and probable consequences doctrines were exceptions to the actual malice requirement." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 574 (*Lopez*).) Under the prior felony murder doctrine, a defendant was liable for first degree murder if their confederate killed someone while the defendant participated in the commission or attempted commission of a qualifying felony. (Former § 189.) The mental state necessary was simply the intent to commit the qualifying felony. (*Lopez, supra*, at p. 574.) Malice was imputed to the defendant participant based on his or her willingness to commit a felony the Legislature had deemed inherently dangerous to human life. (*Ibid.,* citing *People v. Chun* (2009) 45 Cal.4th 1172, 1184.)

Similarly, "'under the natural and probable consequences doctrine, an aider and abettor [was] guilty not only of the intended crime, but also "[of] any other offense that

was a 'natural and probable consequence' of the crime aided and abetted."'" (*People v. Chiu* (2014) 59 Cal.4th 155, 158, superseded by statute in part as stated in *People v. Gentile* (2020) 10 Cal.5th 830, 838–839 (*Gentile*), superseded by statute on other grounds as stated in *People v. Birdsall* (2022) 77 Cal.App.5th 859, 866, fn. 19.) The necessary mental state was the intent to aid and abet an accomplice in the commission of a criminal act that, "judged objectively," would "naturally, probably, and foreseeably result in a murder." (*People v. Chiu, supra*, at pp. 161, 166.) Like the felony-murder rule then in effect, malice was imputed based on the defendant's willingness to participate in the intended crime. (*Lopez, supra*, 88 Cal.App.5th at p. 575, citing *People v. Prettyman* (1996) 14 Cal.4th 248, 260 [the natural and probable consequences doctrine "is based on the recognition that 'aiders and abettors should be responsible for the criminal harms they have naturally, probably and foreseeably put in motion'"].)

Effective January 1, 2019, the Legislature passed Senate Bill 1437 "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Flores* (2022) 76 Cal.App.5th 974, 984 (*Flores*).) To accomplish these changes, Senate Bill 1437 added three separate provisions to the Penal Code. (Stats. 2018, ch. 1015, §§ 2–3; *Flores, supra*, at p. 984; *Gentile, supra,* 10 Cal.5th at p. 842.)

First, to restrict application of the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder, and provides that malice may not be imputed based solely on his or her participation in a crime. (§ 188, subd. (a)(3); *Flores, supra*, 76 Cal.App.5th at p. 984; accord, *Gentile, supra*, 10 Cal.5th at pp. 842–843.)

5.

Second, Senate Bill 1437 added section 189, subdivision (e), which narrowed the felony-murder rule: "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); accord, *Flores, supra*, 76 Cal.App.5th at p. 984; *Gentile, supra*, 10 Cal.5th at p. 842.)

Third, Senate Bill 1437 added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "'to seek relief under the two ameliorative provisions above.'" (*Flores, supra*, 76 Cal.App.5th at p. 984; accord, *Gentile, supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter …." (§ 1172.6, subd. (a); accord, *Flores, supra*, at p. 984.)

### B. Section 1172.6 Petition Process

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile, supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring as follows:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is

6.

imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subds (a)(1)–(3); see *id*., subd. (b)(1)(A).)

Additionally, the petition shall state "Whether the petitioner requests the appointment of counsel" (§ 1172.6, subd. (b)(1)(C)); and the superior court case number and year of the petitioner's conviction (*id.,* subd. (b)(1)(B)). The petition is to be served by the petitioner on the district attorney, or on the agency that prosecuted the petitioner, and on the attorney who represented the petitioner in the trial court or on the public defender of the county where the petitioner was convicted (*id.*, subd. (b)(1)).

If the petition fails to contain the required information, and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, the court must conclude the defendant has filed a facially sufficient petition and counsel must be appointed, if requested. (*Id.,* subd. (b)(3); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).)

Only after counsel is appointed to represent a defendant who filed a facially sufficient petition does the trial court determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) The trial court may rely on "'the record [of conviction], including [its] own documents, "contain[ing] facts refuting the allegations made in the petition ...."'" (*Lewis, supra*, at p. 971.) The prima facie inquiry, however, is limited and, at this stage of the

proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.)  If, in light of the record of conviction, the petition fails as a matter of law, the trial court may summarily deny it. (*Id.* at p. 974.)

If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the conviction.  (§ 1172.6, subds. (c), (d)(1).)  At this hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (*Id.,* subd. (d)(3).)

## II.    Analysis

Petitioner argues the trial court erred by summarily denying his petition without appointing counsel.  Rather than limiting its denial of the petition to facial insufficiency, petitioner claims the trial court denied the petition on the ground that petitioner was the actual killer and therefore did not appear eligible for relief under section 1172.6. Petitioner argues the record lacks any indication of the source of the court's information supporting this ground for denial, and, to the extent the trial court might have relied on petitioner's handwritten note attached to the petition, that letter was not part of the record of conviction and was not properly considered at the prima facie stage.  Under these circumstances, petitioner maintains, the failure to appoint counsel before making a matter-of-law eligibility determination cannot be deemed harmless.

The People concede the trial court erred in denying the petition without appointing counsel, but they argue this error was harmless because the record of conviction establishes petitioner was not eligible for relief under section 1172.6 as a matter of law. Thus, there was no reasonable probability that, had counsel been appointed, the petition would not have been summarily denied without an evidentiary hearing.

## A.     Error

The petition was summarily denied because it had facial defects, including that the petition was served on incorrect addresses for the district attorney and the public defender, and it failed to state the superior court case number.  However, the petition was also denied based on legal ineligibility—that defendant was the actual killer and did not appear eligible for relief under section 1172.6.  That latter determination was made without appointing counsel, as the petition requests.

Section 1172.6 requires the appointment of counsel and further briefing immediately upon the filing of a facially sufficient petition.  (*Lewis, supra*, 11 Cal.5th at p. 970.)  Even if the petition could have been properly denied without prejudice for failing to state the superior court case number and for lack of proper service (§ 1172.6, subd. (b)(1), (b)(1)(B)), the petition was *also* summarily denied as a matter of law without granting petitioner the benefit of requested counsel.  When a petitioner has requested counsel in a facially sufficient petition, the prima facie determination based on the record of conviction should not be made until *after* counsel has been appointed and briefing has been permitted.  (See *Lewis, supra*, at p. 971 ["the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief"].))  In this case, however, we are unable to conclude any error in making a legal eligibility determination without appointing counsel resulted in prejudice.

## B.     No Prejudice

Despite the People's concession of error, they claim petitioner is unable to establish any prejudice stemming from the trial court's failure to appoint counsel for petitioner, as he requested.  Prejudice is not presumed when a petitioner's facially sufficient petition is denied prior to appointment of counsel.  Moreover, the failure to appoint counsel in a section 1172.6 proceeding is an error of state statutory law only; it is not a violation of the petitioner's constitutional rights.  (*Lewis, supra*, 11 Cal.5th at p. 973

[Legislature created a purely statutory right to counsel that attaches before the issuance of an order to show cause].) The error is therefore reviewed for harmlessness under the standard articulated in *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*). (*Lewis, supra*, at pp. 973–974.)

Under this standard, a defendant "'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Lewis, supra*, 11 Cal.5th at p. 974; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675 [failure to appoint counsel upon filing facially sufficient petition is harmless if record conclusively demonstrates petitioner was ineligible for relief as a matter of law], review granted Feb. 24, 2021, S266336, review dism. Dec. 1, 2021.)

As it did in 1994, section 190.2 provides that a defendant convicted of first degree murder may be punished by a sentence of death or life without possibility of parole if the trier of fact found the murder's commission involved one of several statutorily defined special circumstances. (Compare § 190.2, subd. (a)(1)–(22) with Prop. 115, as approved by voters, Primary Elec. (June 5, 1990) § 10, p. 66; see *Strong, supra*, 13 Cal.5th at p. 704.) One of these special circumstances is felony-murder special circumstance liability under section 190.2, subdivision (a)(17). This section applies to certain murders committed in the course of any serious felony enumerated by the statute, including robbery and first or second degree burglary. (§ 190.2, subd. (a)(17).) Like other special circumstances under section 190.2, subdivision (a), the felony-murder special circumstance applies only to defendants who actually killed (*id.*, subd. (b)), or who, with the intent to kill, abetted the commission of the murder in the first degree (*id.,* subd. (c)). In addition, it also applies to "some convicted murderers who neither killed nor intended to kill, namely, 'major participant[s]' in the underlying felony who acted 'with reckless indifference to human life.'" (*Strong, supra*, at p. 704, quoting § 190.2, subd. (d).)

10.

These requirements for special circumstance felony murder under section 190.2, subdivisions (b) through (d) are consistent with the requirements of the new felony murder rule under section 189, subdivision (e): a participant in the perpetration or attempted perpetration of enumerated felonies in which a death occurs is liable for murder only if the person was the actual killer (*id.,* subd. (e)(1)), or the person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree (*id*., subd. (e)(2)), or the person was a major participant in the underlying felony and acted with reckless indifference to human life (*id.,* subd. (e)(3)).

Here, petitioner was charged with murder, and the jury was instructed on murder under a variety of theories, including, among others, direct aiding and abetting and first degree felony murder under the old version of that rule; but the jury was *not* instructed on the natural and probable consequences doctrine. However, the murder charge included special circumstance allegations under section 190.2 that petitioner committed the murder in the commission of an attempted robbery and in the commission of a burglary. Consistent with these special allegations, the jury was instructed on special circumstance felony murder pursuant to section 190.2. Under pattern instruction CALJIC No. 8.80.1, the jury was directed that, if it found petitioner guilty of first degree murder (which included first degree felony murder), it must then determine if one or more of the special circumstances were true—i.e., that the murder was committed in the course of attempted robbery or burglary.

Importantly, the instruction next directed that if the jury was "satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true." The instruction directed the jury, "[If you find that a defendant was not the actual killer of a human being, [or if you are unable to decide whether the defendant was the actual killer or [an aider and abettor],] you cannot find the special circumstance to be true unless you

11.

are satisfied beyond a reasonable doubt that such defendant with the intent to kill [aided,] [abetted,] [or] [assisted] any actor in the commission of the murder in the first degree]." (CALJIC No. 8.80.1.) Notably, all references to liability for major participants who acted with reckless indifference to human life under section 190.2, subdivision (d), were removed from the pattern instruction and were not given.[2]

When the jury found the special circumstance allegations true beyond a reasonable doubt—that petitioner had committed the murder during the course of an attempted robbery and a burglary—it necessarily did so based on the instruction under CALJIC No. 8.80.1. Thus, the jury necessarily concluded petitioner was *either* the actual killer *or*, was not the actual killer, but, with the intent to kill, aided and abetted the commission of the murder. These findings establish petitioner's murder conviction comports with Senate Bill 1437 and amended section 189. (See *Lopez, supra,* 88 Cal.App.5th at p. 577 [prior murder special circumstance true finding by jury established petitioner acted with an intent to kill rendering petitioner ineligible for relief under § 1172.6].)

As a matter of law, petitioner is ineligible for relief under section 1172.6 because he was necessarily convicted under a theory of murder that is still permitted under Senate Bill 1437—he was necessarily found by the jury to be the actual killer or, was not the actual killer, but, with the intent to kill, aided and abetted the commission of the murder. (*Strong, supra*, 13 Cal.5th at p. 710 [Sen. Bill 1437 relief is unavailable if the defendant was either the actual killer or acted with an intent to kill].)[3] Thus, petitioner cannot

---

**2** As the references to liability based on being a major participant acting with reckless indifference to human life under section 190.2, subdivision (d), were removed from the instruction, *Strong* does not apply here. In *Strong*, the California Supreme Court held that a jury's finding that the petitioner was a major participant who acted with reckless indifference to human life under section 190.2, subdivision (d), did not preclude a prima facie showing of eligibility for relief under section 1172.6 where those findings were made by a jury before the high court's decisions in *People v. Banks* (2015) 61 Cal.4th 788, 797–804 and *People v. Clark* (2016) 63 Cal.4th 522, 611–623. (*Strong, supra*, 13 Cal.5th at p. 721.)

**3** To show petitioner's ineligibility for relief under section 1172.6, the People also rely on the jury's finding that petitioner personally used a firearm in the commission of all three

12.

establish it is reasonably probable that, had counsel been appointed, his petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at p. 974*;* see *People v. Daniel, supra*, 57 Cal.App.5th at p. 676 [the petitioner fails to meet *Watson* standard if the record of his conviction establishes that he is not entitled to relief as a matter of law].)

## DISPOSITION

The trial court's October 7, 2022, order denying the petition is affirmed.

MEEHAN, J.

WE CONCUR:

HILL, P. J.

LEVY, J.

---

offenses, that petitioner was the only defendant charged and convicted of first degree murder, and that petitioner admitted in the letter attached to his petition that he was the actual killer. We do not reach these additional grounds, as the special circumstance findings and the jury instruction on special circumstances dispositively preclude petitioner's eligibility for relief under section 1172.6.

13.